IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TAMEEKA WILLIAMS, | § | |
| Plaintiff, | § | |
| vs. | § | Civil Action No. 3:15-CV-1044-M-BH |
| | § | |
| CITIMORTGAGE, | § | |
| Defendant. | § | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order No. 3-251*, this case was automatically referred for pretrial management.  Before the Court for recommendation is the *Motion to Dismiss Plaintiff's Original Complaint and Brief in Support*, filed June 30, 2015 (doc. 8).  Based on the relevant filings and applicable law, the motion should be **GRANTED**.

## I.  BACKGROUND

This case involves the foreclosure of the property located at 1252 Brookmere Drive, Dallas, Texas 75216 (the Property).  (*See* doc. 3; doc. 8 at 1.)[1]  On April 6, 2015, Tameeka Williams (Plaintiff) filed this action against CitiMortgage, Inc. (Defendant).  (doc. 3.)

On May 13, 2009, Plaintiff executed a promissory note in the original principal amount of $50,959.00 payable to the order of Town Square Mortgage and Investments, Inc., as well as a deed of trust securing payment of the note.[2]  (doc. 9 at 4-19.)  The note was subsequently sold to Defendant, and it became servicer of the loan.  (*Id*. at 7, 23.)  On March 3, 2015, the Property was sold and conveyed to Defendant at a foreclosure sale.  (*Id*. at 21-24.)

Plaintiff claims that she was told she did not have her "paperwork in the time frame before

---

[1]Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[2]Plaintiff's husband also executed the deed of trust.  (doc. 9 at 18.)

[her] foreclosure sale date", that she started the "original process" in December, and that she "sent in paperwork" in "January". (doc. 3 at 1.) Defendant allegedly had enough time to review her loan for a modification or "some type of work out" before the March 2015 foreclosure sale. [3] (*Id.*) She believes Defendant did not work with her because the Property was listed on a website with a domain name of "Auction.com", and it had a potential buyer. (*Id.*) The potential buyer "pulled out" on the day of the sale, and the Property went back to Defendant. (*Id.*) Plaintiff asks that Defendant work with her through one of its programs in order to keep her in the Property. (*Id.*)

On June 30, 2015, Defendant moved to dismiss the complaint for failure to state a claim. (doc. 8.) Plaintiff failed to file a response.

## II.   RULE 12(b)(6) MOTION

Defendant moves to dismiss Plaintiff's complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (doc. 8.)

### A.   <u>Legal Standard</u>

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). Nonetheless, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must

---

[3]Plaintiff's complaint refers to "lender", but Defendant is the only named defendant.

show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

As noted, a court cannot look beyond the pleadings in deciding a 12(b)(6) motion. *Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196. When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss, the Court has "complete discretion" to either accept or exclude

3

the evidence for purposes of determining the motion.  *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz  Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007).  "If . . . matters outside the pleading[s] are presented to and not excluded by the court," however, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."  Fed. R. Civ. P. 12(d).

"Pleadings" for purposes of a Rule 12(b)(6) motion include attachments to the complaint.  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  Likewise, documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]."  *Collins*, 224 F.3d at 499 (quotations omitted); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003).  It is also "clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record."  *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).

Defendant attaches to its motion copies of the note, deed of trust, and a substitute trustee's deed.  (doc. 9 at 3-24.)  The complaint generally refers to and/or incorporates these documents, and they are therefore considered part of the pleadings.  Additionally, the deed of trust and the substitute trustee's deed are a matter of public record that can be judicially noticed in considering a Rule 12(b)(6) motion.  *See* Fed. R. Evid. 201(b)(2); *Matter of Manges*, 29 F.3d 1034, 1042 (5th Cir. 1994) (taking judicial notice of "unimpeached certified copies of ... deeds and assignments").  Because the documents attached to Defendant's motion to dismiss are part of the pleadings or subject to judicial

4

notice, they may be considered without conversion of its motion into a motion for summary judgment.  *See Norris*, 500 F.3d at 461 n.9.

**B.**     <u>**No Plausible Claim for Relief**</u>

Defendant moves to dismiss Plaintiff's complaint because it is entirely deficient, and Plaintiff is unable to state a plausible claim for relief.  (doc. 8 at 4-6.)  It argues that Plaintiff's ambiguous allegations fail to clearly identify what formal claims, if any, she is asserting against it.  (*Id*. at 4.) Additionally, it contends that to the extent Plaintiff claims it was obligated to review or approve her loan modification application, such claim fails because Texas courts have held that loan servicers owe no duty to offer a borrower a loan modification.  (*Id.* at 6.)

Plaintiff fails to specify any cause of action in her complaint.  She alleges that she sent Defendant paperwork in enough time for it to review her loan for a modification or work with her to keep her loan, and but it failed to work with her because it had a potential buyer for the Property. She fails to allege any misconduct on Defendant's part, and therefore fails to raise more than a sheer possibility that Defendant acted unlawfully.  *See Iqbal*, 556 U.S. at 678.

Additionally, even liberally construing the complaint as alleging that Defendant violated a duty or obligation to review Plaintiff's loan for a loan modification or work with her to keep her Property, these allegations fail to state a plausible claim for relief.  Plaintiff does not allege the basis of a duty or obligation by Defendant, and no general duty of a lender to modify a borrower's loan exists. *See  Soufimanesh v. U.S. Bank N.A.*, No. 4:12-cv-295, 2013 WL 3215744, at *1 (E.D. Tex. June 24, 2013) ("[T]here is no requirement for approval of a loan modification."); *May v. Ocwen Servicing, LLC*, No. 4:12-cv-581, 2014 WL 2586614, at *5 (E.D.Tex. June 9, 2014), *rec. adopted*, 2012 WL 6652665 (E.D.Tex. Dec. 20, 2012)(finding the mortgagee and mortgage servicer had no

requirement to offer a modification of the loan).

To the extent Plaintiff contends that Defendant had a good faith duty to review her for a loan modification, these allegations similarly fail to state a plausible claim for relief. In Texas, absent a special relationship, the relationship between a mortgagor and a mortgagee does not involve a duty of good faith. *See Federal Deposit Ins. Corp. v. Coleman*, 795 S.W.2d 706, 708-09 (Tex. 1990). Plaintiff has not pled any facts from which it can be concluded that she and Defendant have a special relationship that gives rise to a duty of good faith. The complaint fails to plead sufficient facts to state a claim that is plausible on its face. *Twombly*, 550 U.S. at 535.

### III. OPPORTUNITY TO AMEND

Notwithstanding their failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. A *pro se* plaintiff may also obtain leave to amend his complaint in response to a recommended dismissal. *See Swanson v. Aegis Commc'ns Grp., Inc.*, No. 3:09-CV-0041-D, 2010 WL 26459, at *1 (N.D. Tex. Jan. 5, 2010); *Scott*, 2008 WL 398314, at *1. Nonetheless, courts may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court, the defendant has specifically noted the failure to respond, and the plaintiff has had ample opportunity to amend the

complaint.  *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995).  Dismissal with prejudice is also appropriate if a court finds that the plaintiff has alleged his or her best case.  *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, Plaintiff has not amended her complaint since filing this action.  It does not appear that she has alleged her best case, and she should therefore be accorded an opportunity to amend the complaint to sufficiently state a claim for relief.

## IV.   RECOMMENDATION

If Plaintiff does not file an amended complaint that states a claim for relief within the 14 days allowed for objections to this recommendation, or a deadline otherwise set by the Court, Defendant's motion to dismiss should be **GRANTED**, and Plaintiff's claims should be dismissed with prejudice. If Plaintiff timely files an amended complaint, however, Defendant's motion to dismiss should be **DENIED as moot**, and the action should be allowed to proceed on the amended complaint.

**SO RECOMMENDED** on this 11th day of February, 2016.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

7

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

8