IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TAMEEKA WILLIAMS, | § | |
| Plaintiff, | § | |
| vs. | § | Civil Action No. 3:15-CV-1044-M-BH |
| | § | |
| CITIMORTGAGE, | § | |
| Defendant. | § | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order No. 3-251*, this case was automatically referred for full case management. Before the Court for recommendation is the *Motion to Dismiss Plaintiff's Amended Complaint and Brief in Support,* filed March 22, 2016 (doc. 24). Based on the relevant filings and applicable law, the motion should be **GRANTED**.

### I.  BACKGROUND

On April 6, 2015, Tameeka Williams (Plaintiff) filed this action against CitiMortgage, Inc. (Defendant), based on the foreclosure of the property located at 1252 Brookmere Drive, Dallas, Texas 75216 (the Property). (*See* doc. 3; doc. 8 at 1.)[1]

On May 13, 2009, Plaintiff executed a promissory note in the original principal amount of $50,959.00 payable to the order of Town Square Mortgage and Investments, Inc., as well as a deed of trust securing payment of the note.[2] (doc. 9 at 4-19.) The note was subsequently sold to Defendant, and it became servicer of the loan. (*Id*. at 7, 23.) On March 3, 2015, the Property was sold and conveyed to Defendant at a foreclosure sale. (*Id*. at 21-24.)

Plaintiff claims that she was told she did not have her "paperwork in the time frame before

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[2] Plaintiff's husband also executed the deed of trust. (doc. 9 at 18.)

[her] foreclosure sale date", that she started the "original process" in December, and that she "sent in paperwork" in "January." (doc. 3 at 1.) Defendant allegedly had enough time to review her loan for a modification or "some type of work out" before the March 2015 foreclosure sale.[3] (*Id*.) She believes Defendant did not work with her because the Property was listed on a website with a domain name of "Auction.com", and it had a potential buyer. (*Id*.) The potential buyer "pulled out" on the day of the sale, and the Property went back to Defendant. (*Id*.) Plaintiff sought to have Defendant to work with her so that she could remain on the Property. (*Id*.)

Defendant moved to dismiss the complaint for failure to state a claim. (doc. 8.) Plaintiff failed to respond. On February 11, 2016, it was recommended that the motion to dismiss be granted for failure to state a claim, but that Plaintiff be afforded an opportunity to file an amended complaint. (doc. 18.) Plaintiff filed an amended complaint on February 23, 2016, the recommendation was subsequently accepted, and Defendant's motion was denied as moot. (docs. 19, 23.)

Plaintiff's amended complaint alleges that she "submitted to a contents of proposal" on September 11, 2015, but "[Defendant] and its representatives have yet to honor its contents." (doc. 19 at 1.) It reasserts her request "that [Defendant] work with [her] in modifying [her] loan for reinstatement" so that she may remain on the Property. (*Id*.) It does not include any additional factual allegations about the "paperwork" that Plaintiff allegedly sent to Defendant. (*Id*.)

On March 22, 2016, Defendant moved to dismiss Plaintiff's amended complaint for failure to state a claim. (doc. 24.) Plaintiff did not respond.

## II.  RULE 12(b)(6) MOTION

Defendant moves to dismiss Plaintiff's Amended Complaint under Rule 12(b)(6) for

---

[3] Plaintiff's complaint refers to "lender", but Defendant is the only named defendant.

failure to state a claim upon which relief can be granted. (doc. 24.)

**A.     Legal Standard**

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). Nonetheless, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows
> the court to draw the reasonable inference that the defendant is liable for the miscon-

>  duct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted).  When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

As noted, a court cannot look beyond the pleadings in deciding a 12(b)(6) motion. *Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196.  When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss, the Court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007).  "If . . . matters outside the pleading[s] are presented to and not excluded by the court," however, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

"Pleadings" for purposes of a Rule 12(b)(6) motion include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  Likewise, documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]." *Collins*, 224 F.3d at 499 (quotations omitted); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003).  It is also "clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst*

4

*Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).

Defendant incorporates into its motion copies of the note, deed of trust, and a substitute trustee's deed. (doc. 24 at 2-3, 9 at 3-24.) The complaint generally refers to and incorporates these documents, and they are therefore considered part of the pleadings. Additionally, the deed of trust and the substitute trustee's deed are a matter of public record that can be judicially noticed in considering a Rule 12(b)(6) motion. *See* Fed. R. Evid. 201(b)(2); *Matter of Manges*, 29 F.3d 1034, 1042 (5th Cir. 1994) (taking judicial notice of "unimpeached certified copies of . . . deeds and assignments"). Because the documents incorporated into Defendant's motion to dismiss are part of the pleadings or subject to judicial notice, they may be considered without conversion of its motion into a motion for summary judgment. *See Norris*, 500 F.3d at 461 n.9.

**B.**     **No Plausible Claim for Relief**

Defendant argues that Plaintiff's ambiguous allegations fail to clearly identify what formal claims, if any, she is asserting against it. (doc. 24 at 5.) It also contends that to the extent that Plaintiff alleges that it failed to honor a purported proposal or had an obligation to work with her to modify the loan, she fails to state a claim because Texas courts have held that loan servicers owe no duty to offer a borrower a loan modification. (*Id.* at 5-6.)

Plaintiff's amended complaint repeats that she is "asking that [Defendant] work with [her] in modifying [her] loan for reinstatement." (doc. 19 at 1.) She does not allege any additional facts about the purported paperwork but does say that she "submitted to a contents of proposal [on] September 11, 2015, and the details of this agreement with [Defendant] and its representatives have yet to honor its contents." (*Id.*) She appears to be referring to a filing dated September 11, 2015,

5

entitled "Contents of Proposal." (doc. 16.) That filing is responsive to the order for the parties to separately submit scheduling proposals and discovery plans, however. (*See* docs. 14, 16.) It does not add any substantive content or additional allegations to Plaintiff's Amended Complaint.

Liberally construing Plaintiff's amended complaint as alleging that Defendant violated a duty or obligation to review her loan for a modification or work with her to keep the Property, these allegations fail to state a plausible claim for relief. Plaintiff does not allege the basis of a duty or obligation by Defendant, and there is no general duty by a lender to modify a borrower's loan. *See Soufimanesh v. U.S. Bank N.A.*, No. 4:12-CV-295, 2013 WL 3215744, at *1 (E.D. Tex. June 24, 2013) ("[T]here is no requirement for approval of a loan modification."); *May v. Ocwen Servicing, LLC*, No. 4:12-CV-581, 2014 WL 2586614, at *5 (E.D.Tex. June 9, 2014), *rec. adopted*, 2012 WL 6652665 (E.D. Tex. Dec. 20, 2012)(finding the mortgagee and mortgage servicer had no requirement to offer a modification of the loan).

To the extent Plaintiff contends that Defendant had a good faith duty to review her for a loan modification, these allegations similarly fail to state a plausible claim for relief. In Texas, absent a special relationship, the relationship between a mortgagor and a mortgagee does not involve a duty of good faith. *See Federal Deposit Ins. Corp. v. Coleman*, 795 S.W.2d 706, 708-09 (Tex. 1990). Plaintiff fails to plead any facts from which it can be concluded that she and Defendant have a special relationship that gives rise to a duty of good faith. Plaintiff overall fails to plead sufficient facts to state a claim that is plausible on its face. *Twombly*, 550 U.S. at 535.

### III.  OPPORTUNITY TO AMEND

Notwithstanding their failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v.*

6

*Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. Courts, nonetheless, may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court, *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995), or if it finds that the plaintiff has alleged his or her best case, *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). When a court "outline[s] in [its] opinion the deficiencies" of plaintiff's complaint and "plaintiff nevertheless cannot . . . amend to satisfy [the relevant pleading standard,] the court can then dismiss the complaint with the assurance that plaintiff has been shown all the deference he is due." *Sims*, 2001 WL 627600, at *2-*3 (quoting *Barber v. G.H. Rodgers*, No. CA3-84-1750-D (N.D. Tex. Sept. 13, 1988)).

Here, Plaintiff was previously afforded an opportunity to amend, and she did file an amended complaint. The amended complaint does not address any of the deficiencies identified in her original complaint and again fails to state a claim upon which relief can be granted. (*See* doc. 19.) She also failed to respond to Defendant's motion to dismiss and has not filed any other amended complaint or asked for leave to amend. It also appears that she has alleged her best case. Her claims should therefore be dismissed with prejudice without further opportunity to amend. *See Rodriguez*, 66 F.3d at 97 (affirming denial of opportunity to amend and dismissal with prejudice when *pro se* plaintiff failed to amend their complaint to state a claim upon which relief may be granted and also failed to

7

respond to a motion to dismiss after being instructed by the court); *see also Nieman v. City of Dallas*, No. 3:14-CV-3897-M-BF, 2015 WL 5613354, at *4 (N.D. Tex. Sept. 24, 2015).

### IV. RECOMMENDATION

Defendant's motion to dismiss Plaintiff's amended complaint should be **GRANTED**, and Plaintiff's claims should be dismissed with prejudice.

**SO RECOMMENDED** on this 17th day of October, 2016.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

8